UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

          Plaintiff,

v.

GLOBAL TEL*LINK CORPORTION,

          Defendant.

                               /

Case No. 2:25-cv-10097

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER GRANTING MOTION TO DISMISS [10]

Mark Dobronski sued Global Tel*Link Corporation for alleged violations of the Telephone Consumer Protection Act (TCPA). ECF No. 1. But Global Tel*Link is a common carrier and did not "initiate" the calls that he identified. Thus, the Court will grant Global Tel*Link's motion to dismiss, ECF No. 10.[1]

### BACKGROUND

Global Tel*Link provides calling services for incarcerated individuals. ECF No. 1, PageID.9–10. An inmate used Global Tel*Link's services to place a call to a phone number registered to Dobronski. *See id.* at PageID.11. When Dobronski answered, a recorded message stated that an inmate was calling and played a snippet of the inmate's voice identifying himself as Daniel Rummelt. *Id.* The recording stated

---

[1] Based on the parties' briefing, the issues are clear. Accordingly, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2); Practice Guidelines for Judge Stephen J. Murphy, III.

that Dobronski could dial 6 to block future calls and that it was a "one minute free" call. *Id.* Plaintiff dialed 6 and hung up. *Id.*

Later the same day, the same inmate again used Global Tel*Link to call Dobronski, the call stated that the inmate was calling, included another snippet, included information about paying for the call, and included an option to dial 6 to block future calls. Dobronski again dialed 6 and hung up. *Id.* at PageID.11–12. Later that day, Dobronski received a third call that went to voicemail. The voicemail included the same message and another voice snippet. *Id.* at PageID.12.

The next afternoon, Dobronski received another call and answered. *Id.* at PageID.12–13. He heard the same message and another snippet from the same inmate. *Id.* at PageID.13. Again, the recording included instructions about payment and included an option to dial 6 to block future calls. *Id.* Dobronski pressed 6 for a third time and hung up. *Id.*

Dobronski sued Global Tel*Link and alleged violations of 47 C.F.R. § 64.1200(a)(1)(iii) and 64.1200(a)(9)(ii)(F). *Id.* at PageID.13–14. Global Tel*Link moved to dismiss the complaint under Rule 12(b)(6), and did not seek concurrence from Dobronski before doing so.[2] ECF No. 10.

---

[2] Dobronski complained that Global Tel*Link did not comply with Local Rule 7.1. ECF No. 11, PageID.50–51. Global Tel*Link responded that Local Rule 7.1 applies only to discovery motions. ECF No. 12, PageID.58. Not so. Local Rule 7.1 informs parties that they must comply with Federal Rule of Civil Procedure 37(a)(1) on discovery-related motions. But it goes on to outline a conference requirement for all motions. Nevertheless, the Court often waives the rule "when it is obvious," as it is here, "that the opposing party would not have concurred in the requested relief." *In re Kulek*, No. 18-cv-11509, 2019 WL 168540, at *4 (E.D. Mich. Jan. 11, 2019) (collecting cases).

## LEGAL STANDARD

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

## DISCUSSION

The TCPA and its associated regulations govern, among other things, telemarketing practices, automatic telephone dialing systems, and prerecorded or artificial voice messages. *See* 47 U.S.C. § 227. Generally, the statute focuses on the individual or entity who "makes" or "initiates" the call or on whose behalf the call is made. *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 465 (6th Cir. 2010); *Selou v. Integrity Sol. Servs. Inc.*, No. 15-cv-10927, 2016 WL 612756, at *3 (E.D. Mich. Feb. 16, 2016); *Dave v. Century 21 Real Est., LLC*, No. 4:20-cv-00840, 2021 WL 5360944 (D.S.C. Sept. 15, 2021); *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-587, 2018 WL 3933472, at *4 (S.D. Ohio Aug. 16, 2018); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015)). Unsurprisingly then, third-party common carriers who merely facilitate calls initiated or made by others are generally not liable under the TCPA.[3]

Global Tel*Link moved to dismiss Dobronski's complaint because Global Tel*Link provides only the service by which *others* make phone calls. In that sense, Global Tel*Link argued that it is a common carrier exempt from liability under the TCPA and its regulations. ECF No. 10, PageID.39.

---

[3] The FCC advised that a common carrier may be liable for calls only if it had a high degree of involvement in, or actual notice of, an illegal use and fails to take steps to prevent such transmissions. *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 635 (6th Cir. 2015); *Rinky Dink, Inc. v. Elec. Merchant Sys.*, No. C13-1347, 2015 WL 778065, at *4 (W.D. Wash. Feb. 24, 2015) (quoting *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, 7 FCC Rcd. 8752, 8779–80 (1992)); *see also Selou*, 2016 WL 612756, at *6 n.6.

Dobronski alleged that Global Tel*Link "initiated a call to Plaintiff's residential telephone number." ECF No. 1, PageID.11–12. But he did not do so plausibly. 47 C.F.R. § 64.1200(a)(1)(iii) states that "[n]o person or entity may . . . initiate any telephone call . . . using an automatic telephone dialing system or artificial or prerecorded voice . . . [t]o any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." Dobronski's allegation that Global Tel*Link initiated the phone call is essentially a legal conclusion. *See Iqbal*, 556 U.S. at 663–64. What is more, Dobronski admitted that during each of the four calls, it was an inmate who "was calling" and the recording played a snippet from that inmate. ECF No. 1, PageID.11–13. Even taking inferences in Dobronski's favor, he plausibly alleged only that inmate Daniel Rummelt initiated the calls. *Selou*, 2016 WL 612756, at *3–4; *Smith v. Securus Techs., Inc.*, 120 F. Supp. 3d 976, 982 (D. Minn. 2015); *see also Twombly*, 550 U.S. at 554 (dismissing a claim where the pleadings presented an obvious alternative explanation).

Dobronski's contrary argument relying on *Laccinole v. Appriss, Inc.*, 453 F. Supp. 3d 499, 503 (D.R.I. 2020), is unavailing. First, he alleged no facts from which the Court may reasonably infer that Global Tel*Link "is highly involved in the illegal use of its services, or [that] it has actual notice of such use but fails to prevent it." *Id.* at 503. Moreover, in *Laccinole* it was unclear whether the defendant was a common carrier. *Id.* Here, presumably to set the scene, Dobronski alleged that Global Tel*Link

"is engaged in the business of providing inmate calling service" and has "delivered 4.1 billion call minutes to incarcerated individuals and their families." ECF No. 1, PageID.9–10. Dobronski's own allegations show that Global Tel*Link connects calls; it does not initiate them.

Next, although 47 C.F.R. § 64.1200(a)(9) expressly applies to inmate collect call service providers, Dobronski did not allege that any of the calls were "made by an inmate collect call service provider following an unsuccessful collect call to establish a billing arrangement with the called party to enable future collect calls." Those facts are an antecedent to the obligation to honor opt-outs under § 64.1200(a)(9)(ii)(F), upon which Dobronski based his claim.

In short, Dobronski failed to plausibly allege facts that would entitle him to any relief. The Court will therefore grant the motion to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Global Tel*Link's Motion to Dismiss [10] is **GRANTED**. Plaintiff Dobronski's Complaint [1] is **DISMISSED WITH PREJUDICE.**

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 17, 2025

6

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2025, by electronic and/or ordinary mail.

<div align="center" style="margin-left:50%">

s/ R. Loury
Case Manager

</div>